UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANZ RISK TRANSFER, MARATHON STRUCTURED FINANCE FUND, LP, NEWSTAR FINANCIAL, INC., and MUNICH RE CAPITAL MARKETS NEW YORK, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> PARAMOUNT PICTURES CORPORATION, <br><br> Defendant. | No. 08 CV 10420 (TPG) |

**DECLARATION OF JAMES A. JANOWITZ IN SUPPORT OF PLAINTIFFS' MOTION (A) TO PRECLUDE DEFENDANT PARAMOUNT PICTURES CORPORATION FROM USING CERTAIN REBUTTAL DAMAGES DOCUMENTS, EVIDENCE OR ANALYSIS AT TRIAL PURSUANT TO FED. R. CIV. P. 37; AND (B) TO PRECLUDE PARAMOUNT FROM RELYING IN ANY MANNER ON THE PUTATIVE EXPERT REPORT AND TESTIMONY OF PARAMOUNT'S DAMAGES REBUTTAL EXPERT, ROBERT WUNDERLICH PURSUANT TO FED. R. EVID. 702**

JAMES A. JANOWITZ declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am admitted to practice before this Court and am a partner at Pryor Cashman LLP, attorneys for plaintiffs Allianz Risk Transfer, Marathon Structured Finance Fund, LP, NewStar Financial, Inc. and Munich Re Capital Markets New York, Inc. (collectively, "Plaintiffs")  As such, I am fully familiar with, and have personal knowledge of, the facts set forth herein.

2.      I respectfully submit this declaration in support of Plaintiffs' motions:  (a) to preclude defendant Paramount Pictures Corporation ("Paramount") from using certain rebuttal damages documents, evidence or analysis at trial pursuant to Fed. R. Civ. P. 37; and (b) to preclude Paramount from relying at all on the putative expert report and testimony of Paramount's damages rebuttal expert, Robert Wunderlich pursuant to Fed. R. Evid. 702.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the Melrose Investors LLC Private Placement Memorandum, dated July 22, 2004, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the final capital structure for Melrose Investors LLC, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of a letter from Phil Kelly, counsel for Paramount, to James Janowitz, dated May 16, 2014.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' First Request for Production, dated June 3, 2011.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of Paramount's First Request for Production, dated June 3, 2011.

8.      Attached hereto as **Exhibit 6** is a true and correct copy of a letter from Bryan Mohler, counsel for Plaintiffs, to Phil Kelly, dated November 11, 2013, seeking this unredacted document.

9.      Attached hereto as **Exhibit 7** is a true and correct copy of a letter from Phil Kelly to Bryan Mohler, dated December 6, 2013.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of the Rebuttal Report of Robert Wunderlich, dated April 11, 2014, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

11.     Attached hereto as **Exhibit 9** are true and correct copies of the Additional Films Ultimates, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

12.     Attached hereto as **Exhibit 10** is a true and correct copy of the Melrose 2 Complaint, dated October 4, 2012.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a letter from James Janowitz to Phil Kelly, dated May 14, 2014.

14.     Attached hereto as **Exhibit 12** is a true and correct copy of email correspondence between Allan Arffa, counsel for Paramount, and James Janowitz, dated May 20-21, 2014.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of a letter from James Janowitz to Allan Arffa, dated June 4, 2014.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a letter from Allan Arffa to James Janowitz, dated June 5, 2014.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of a letter from James Janowitz to Allan Arffa, dated June 9, 2014.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of a letter from Phil Kelly to James Janowitz, dated June 20, 2014.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of a letter from James Janowitz to Phil Kelly, dated July 14, 2014.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the transcript of the July 15, 2014 deposition of Phil Fier, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of the Melrose 2 Multi-Picture Investment Agreement, dated September 11, 2006, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the transcript of the July 18, 2014 deposition of Robert Wunderlich, Paramount's rebuttal damages expert, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

23.     Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the Melrose Investors LLC Revenue Participation Agreement, dated July 29, 2004, which is being filed under seal pursuant to the Stipulation and Order Governing Confidential Materials, dated March 13, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2014 in New York, New York.

JAMES A. JANOWITZ