

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806

www.pryorcashman.com

**James A. Janowitz**
Partner

Direct Tel: (212) 326-0873
Direct Fax: (212) 798-6357
jjanowitz@pryorcashman.com

August 27, 2014

**BY ECF AND HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    *Allianz Risk Transfer AG, et al. v. Paramount Pictures Corp.*,
             No. 1:08-CV-10420 (TPG)

Dear Judge Griesa:

      Our firm represents the Plaintiffs in the above captioned matter.  We write in response to the letter of Andrew Ehrlich, Paramount's counsel, filed today, concerning Plaintiffs' recently-filed motion to preclude pursuant to Fed. R. Civ. P. 37 and Fed. R. Evid. 702.

      As Mr. Ehrlich notes in his letter, at the May 19, 2014 conference, Plaintiffs raised their objection to the use by Mr. Wunderlich, Paramount's rebuttal damages expert, of documents concerning 12 films released after the films in the Melrose Slate which Paramount refused to produce in discovery, and stated their intention to file a motion under Rule 37.  Contrary to Mr. Ehrlich's assertion, however, the Court did not bar Plaintiffs from filing such a motion.  Rather, Your Honor directed the parties first to conduct any remaining depositions (which are now complete) and to wait until the case was readying for trial before making any additional motions.  As Mr. Ehrlich noted in a separate letter sent to Plaintiffs' counsel this Monday, in which he proposes a schedule for the exchange of pre-trial materials, the October 20th trial date is fast approaching and the time for such motions has arrived (indeed, his letter proposes a date for the filing of evidentiary motions).

      Plaintiffs' motion also fully complies with Local Rule 37.2.  Local Rule 37.2 requires that a party seek a pre-motion conference prior to making a motion, and to proceed with the filing of a motion only if the dispute is not resolved at the subsequent conference.  As Mr. Ehrlich concedes, this is precisely what occurred at the May 19th conference.  The cases cited in Mr. Ehrlich's letter largely concern the inapposite situation where a moving party failed to meet and confer prior to making a motion.  As the letters annexed to Plaintiffs' motion illustrate, there can be no dispute here that the parties exhaustively met and conferred, both before and after the conference with Your Honor, prior to Plaintiffs' making their motion.

# ■ PRYOR CASHMAN LLP

The Honorable Thomas P. Griesa
August 27, 2014
Page 2

 

Thus, there is nothing improper with Plaintiffs' motion. To the contrary, Plaintiffs' motion is well-founded given Paramount's blatant abuse of the discovery process as described therein. Nevertheless, if Your Honor believes it would be beneficial to conduct a conference with the parties to discuss Plaintiffs' motion further, of course we will make ourselves available. Alternatively, if it alleviates the need for such a conference, Plaintiffs are further willing to discuss with Paramount an appropriate briefing schedule for the motion.

Very truly yours,

*James A. Janowitz*

cc: Leslie G. Fagen
     Allan J. Arffa
     Richard B. Kendall
     Phil M. Kelly
     Patrick J. Somers
     William L. Charron
     Bryan T. Mohler
     (all via email attachment)