UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANZ RISK TRANSFER AG, MARATHON STRUCTURED FINANCE FUND, LP, NEWSTAR FINANCIAL, INC., and MUNICH RE CAPITAL MARKETS NEW YORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT PICTURES CORPORATION, <br><br> Defendant. | No. 1:08-CV-10420 (TPG) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE
<u>ARGUMENT REGARDING ABSENT PARAMOUNT WITNESSES</u>**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel:  (212) 373-3000

– and –

KENDALL BRILL & KLIEGER LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, CA 90067
Tel:  (310) 556-2700

*Attorneys for Defendant
Paramount Pictures Corporation*

**Table of Contents**

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Kalisch*,
  2009 WL 2900247 (S.D.N.Y. Sept. 9, 2009) ............................................................................3

*Ranish* v. *Delta Airlines, Inc.*,
  89 F.3d 826 (2d Cir. 1995) .......................................................................................................3

*Reid* v. *Bickel & Brewer*,
  1989 WL 146262 (S.D.N.Y. Nov. 21, 1989) ............................................................................3

*Repecki* v. *Home Depot USA*,
  942 F. Supp. 126 (E.D.N.Y. 1996) ...........................................................................................3

*United States* v. *Caccia*,
  122 F.3d 136 (2d Cir. 1997) .....................................................................................................3

*United States* v. *Torres*,
  845 F.2d 1165 (2d Cir. 1988) ...................................................................................................3

*In re WorldCom, Inc.*,
  2011 WL 1496378 (S.D.N.Y. Apr. 19, 2011),
  *aff'd*, 466 F. App'x 28 (2d Cir. 2012) .......................................................................................3

**Other Authorities**

Fed. R. Civ. P. 45(c) .........................................................................................................................4

3 Kevin F. O'Malley, et al., *Federal Jury Practice And Instructions*
  § 105:11 (6th ed.) ......................................................................................................................3

Defendant Paramount Pictures Corporation ("Paramount") respectfully submits this memorandum of law in support of its motion *in limine* to preclude plaintiffs from making argument at trial regarding the failure of any former employee of Paramount to appear at trial.

### Preliminary Statement

This motion *in limine* seeks to exclude any argument or comment from plaintiffs regarding the failure of any former employee of Paramount to appear at trial. Under well-established law, no adverse inference against Paramount is proper here where Paramount does not control any such witnesses. It is especially necessary to exclude such improper argument with respect to former employees who reside outside of the Court's jurisdiction.

### Background

The events on which plaintiffs' claims are based occurred nearly a decade ago. Beginning in mid-2004, plaintiffs purchased debt and equity issued by a special purpose vehicle called Melrose Investors LLC ("Melrose"), which, in turn, invested these funds in a slate of over two dozen films (the "Melrose Slate") that were produced and distributed by Paramount between 2004 and 2006.

Investments in Melrose were solicited by means of a Private Placement Memorandum ("PPM") issued by Melrose and dated July 22, 2004. Plaintiffs Marathon and NewStar purchased notes and/or equity in Melrose on July 29, 2004. On October 13, 2004, plaintiff Allianz entered into a total swap return transaction pursuant to which it would receive any payments on certain Melrose notes and equity, and it subsequently acquired the underlying notes and equity in 2006. Similarly, on July 30, 2004, plaintiff Munich Re entered into a total swap return transaction pursuant to which it would receive any payments on certain Melrose notes, and in 2007, it purchased those notes outright.

Pursuant to a Revenue Participation Agreement ("RPA") between Paramount and Melrose, in exchange for the funds it provided to Paramount, Melrose (and ultimately its investors) obtained revenue participation interests in the films in the Melrose Slate. Paramount's role with respect to the Melrose offering was limited to (1) entering into the RPA with Melrose, (2) providing historical Paramount film information to Merrill Lynch, (3) providing certain information (including actual co-financing amounts achieved to date) with respect to the Melrose Slate to Merrill Lynch, and (4) attending a handful of due diligence meetings with some potential investors upon the investors' request.

Paramount's principal place of business is Hollywood, California. As such, every witness currently or previously associated with Paramount who was deposed in this action was deposed in California where he or she also resides. And, given that the Melrose transaction first closed over a decade ago, it is not surprising that a number of the individuals involved at Paramount either retired or left the studio for other employment. Of the twelve Paramount witnesses who were deposed, just *three* of them retain an affiliation with Paramount (and one of those witnesses related to document collection efforts, and was not involved in the underlying facts of the case).[1] Each of the nine former employees resides in California. As such, Paramount is unable to compel the individuals who were involved in the transaction at issue here to come to trial to testify. Plaintiffs should not be able to use that circumstance to Paramount's prejudice.

---

[1] Plaintiffs also deposed Warren Solow, an employee of Viacom Inc., Paramount's corporate parent, related to document collection efforts. That witness resides in New York, which is the location of Viacom's headquarters.

2

**Argument**

As a general matter, "there is no duty on the part of either party to call any particular person as a witness." *Repecki* v. *Home Depot USA*, 942 F. Supp. 126, 129 (E.D.N.Y. 1996); *see also* 3 Kevin F. O'Malley, et al., *Federal Jury Practice And Instructions* § 105:11 (6th ed.) ("The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.").

Further, it is well-established that a jury is only permitted to "draw an adverse inference against a party failing to call a witness when the witness's testimony would be material *and the witness is peculiarly within the control of that party*." *In re WorldCom, Inc.*, 2011 WL 1496378, at *8 (S.D.N.Y. Apr. 19, 2011) (emphasis added) (quoting *United States* v. *Caccia*, 122 F.3d 136, 138 (2d Cir. 1997), *aff'd*, 466 F. App'x 28 (2d Cir. 2012); *United States* v. *Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (same). Such peculiar control can be demonstrated in two ways: "(1) that the witness is physically available only to the opponent; or (2) that the witness has a relationship with the opposing party that practically renders his testimony unavailable to the moving party." *In re Kalisch*, 2009 WL 2900247, at *2 n.2 (S.D.N.Y. Sept. 9, 2009) (quoting *Ranish* v. *Delta Airlines, Inc.,* 89 F.3d 826 (2d Cir. 1995)).

Former employees are generally not regarded as under a former employer's control. *See, e.g.*, *Reid* v. *Bickel & Brewer*, 1989 WL 146262, at *3 (S.D.N.Y. Nov. 21, 1989) (finding that defendants' current employees, but not former employee, were "within the defendants' control"). Without making a showing to the contrary here—namely, that Paramount uniquely controls these former employees, which it affirmatively does not—plaintiffs should be precluded from making any argument or comment at trial suggesting that the jury may or should draw an adverse inference from the failure of those people to testify at trial.

3

Nor should plaintiffs be permitted to make any argument or suggestion regarding what any potential testimony by Paramount's former employees would have consisted of or that such testimony would have bolstered plaintiffs' claims. To permit such argument by plaintiffs would be grossly unfair and highly prejudicial to Paramount because it would permit plaintiffs to bolster their claims based on imagined testimony by witnesses unavailable for examination or cross-examination through no fault of Paramount's.

An adverse inference against Paramount would be particularly improper with respect to former employees who live outside of this Court's jurisdiction or subpoena power, which, under Federal Rule of Civil Procedure 45(c), extends only 100 miles from the courthouse. Thus, no witness who resides more than 100 miles away can be compelled by the Court to appear at trial. Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."). In sum, such witnesses are not only outside of Paramount's control, but they also cannot generally be compelled by this Court to appear at trial.[2]

**Conclusion**

For the reasons set forth above, Paramount respectfully requests that the Court grant its motion to preclude plaintiffs from introducing any argument regarding the failure of any

---

[2] In light of the foregoing, Paramount also respectfully urges this court to adopt Defendant's Proposed Jury Instruction No. [11], which provides: "The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. There are several factors that can affect whether a witness can or will be called to testify at trial. For instance, the Court's jurisdiction, or power, extends only 100 miles from the courthouse and, as a result, no witness who is located more than 100 miles away can be compelled by the Court to appear for this trial. As a result, you should not draw any inferences against any party with respect to any issue based on the failure to produce or call a witness."

former Paramount employee to testify at trial.

October 7, 2014
New York, New York

                Respectfully submitted,

                PAUL, WEISS, RIFKIND, WHARTON &
                GARRISON LLP

                By:  s/Allan J. Arffa
                      Allan J. Arffa (aarffa@paulweiss.com)
                      Andrew J. Ehrlich (aehrlich@paulweiss.com)
                      Patrick J. Somers (psomers@paulweiss.com)

                1285 Avenue of the Americas
                New York, New York 10019
                Tel: (212) 373-3000
                Fax: (212) 757-3990


                KENDALL BRILL & KLIEGER LLP
                Richard B. Kendall (rkendall@kbkfirm.com)
                Philip M. Kelly (pkelly@kbkfirm.com)

                10100 Santa Monica Boulevard, Suite 1725
                Los Angeles, California  90067
                Tel:  (310) 556-2700
                Fax: (310) 556-2705

                *Attorneys for Defendant Paramount Pictures Corporation*