

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

James A. Janowitz
Partner
Phone: (212) 326-0873
Fax: (212) 798-6357

October 14, 2014

**BY ECF AND HAND DELIVERY**

Hon. Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York NY 10007

**Re:**   *Allianz Risk Transfer AG, et al. v. Paramount Pictures Corporation*,
No. 08-CV-10420 (TPG)

Dear Judge Griesa:

      We represent Plaintiffs in this action. We write with respect to defendant Paramount Pictures Corporation's ("Paramount") Proposed Jury Instructions filed October 7, 2014 (Dkt. No. 116). While the Court has not requested that the parties file any objections or otherwise respond to each others' proposed instructions (Plaintiffs' own proposed instructions were filed on the same day (Dkt. No. 114)), we write to call attention to the following significant shortcomings of Paramount's submission: (i) Paramount fails, without explanation, to propose necessary instructions regarding certain elements or facets of the law related to Plaintiffs' claims; (ii) Paramount expressly refuses, without any legitimate legal basis, to propose certain other necessary instructions; and (iii) where Paramount does propose instructions, Paramount misstates the law with regard to several of the elements of Plaintiffs' claims.[1]

     **A.**   **Paramount Inexplicably Failed To Propose
    Necessary Instructions Related To Plaintiffs' Claims**

      First, Paramount has proposed no instructions with respect to several important elements of Plaintiffs' federal and common law securities fraud claims without explanation. Most significantly, Paramount fails to propose any instructions relating to its fraudulent omissions, even though there is no dispute that a key component of Plaintiffs' case against Paramount has

---

[1] Under Fed. R. Civ. P. 51(a)(1), either party may make a pre-trial written request "for the jury instructions it wants the court to give." A party may object to another party's requested instruction informally. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 635 F.2d 67, 73 (2d Cir. 1980) (Rule 51, "read in conjunction with Rule 46, requires only a minimal objection to a jury charge").

**PRYOR CASHMAN LLP**

The Honorable Thomas P. Griesa
October 14, 2014
Page 2

been Plaintiffs' allegation that Paramount fraudulently omitted to disclose material information related to Plaintiffs' investment. Indeed, Paramount's alleged fraudulent omission is the keystone of both Plaintiffs' 10b-5 claim and Plaintiffs' common law fraud claim (known as fraudulent concealment), and has been since Plaintiffs filed their original complaint nearly six years ago. Obviously, Paramount cannot escape adjudication of that issue merely by refusing to acknowledge it. *See Barlow v. Liberty Marine Corp.*, 746 F.3d 518, 524 (2d Cir. 2014) ("Litigants are entitled to a jury instruction on *any* theory of liability supported by law and the evidence," with no limit imposed by what the other party wishes were or were not available. (emphasis added)).

Paramount also has failed to propose any instruction related to the presumption of reliance that is to be afforded Plaintiffs in connection with their fraudulent omission claim under Section 10b-5. *See Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153-54 (1972). The purpose of the *Affiliated Ute* presumption is to shift the burden of proof on the element of reliance because, in an omission case, "reliance as a practical matter is impossible to prove." *Wilson v. Comtech Telecomm. Corp.*, 648 F.2d 88, 93 (2d Cir. 1981). Thus, the *Affiliated Ute* presumption also is essential to Plaintiffs' omission claim and cannot be ignored or excluded from the final instructions the jury receives.

Finally, Paramount omits crucial features of the law with respect to its proposed instructions on "Misstatement" (Number 21) and "Justifiable Reliance" (Number 26). With respect to the former, Paramount fails to mention that a literally-true statement may be deceptive and actionable in light of the circumstances under which it was made (a "half-truth"). *See Kleinman v. Elan Corp.*, 706 F.3d 145, 153 (2d Cir. 2013) ("Statements of literal truth can become, through their context and manner of presentation, devices which mislead investors." (quotations omitted)). Such literally-true but actionably-deceptive statements are a central part of Plaintiffs' case against Paramount, where the alleged fraud involved both misleading statements and intentional omissions on the same subject. With respect to the latter, Paramount fails to mention that the standard for justifiable reliance is "recklessness," meaning that investors must conduct only "minimal diligence." *See Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1016 (2d Cir. 1989) ("[T]he degree of diligence to which plaintiffs are held…[is] minimal diligence. More specifically, a plaintiff bears only the burden of negating its own recklessness." (quotation omitted)). Paramount already has made an issue in this case of Plaintiffs' due diligence efforts, and it is essential for the jury to have a complete understanding of the liberal standard to which Plaintiffs were held when deliberating the issue of Plaintiffs' reliance on Paramount's misrepresentations.

**PRYOR CASHMAN LLP**

The Honorable Thomas P. Griesa
October 14, 2014
Page 3

Consequently, Paramount's failure to fully instruct the jury, and failure to justify its incomplete instructions, should be treated as acceptance of Plaintiffs' proposed instructions related to above-stated matters (Nos. 37-39, 45-46, 59-62).[2]

### B. Without Any Legitimate Legal Basis, Paramount Expressly Refuses to Propose Certain Other Necessary Instructions

Second, Paramount has expressly declined to propose instructions with respect to several other elements of Plaintiffs' common law fraud claim and with respect to Plaintiffs' entire equitable claim. Paramount states that it has not provided instructions for calculating actual (*i.e.*, compensatory) or punitive damages for Plaintiffs' common law fraud claim because Plaintiffs "have pleaded rescission as the sole remedy" in their Complaint. Paramount's election to exclude those instructions, however, willfully disregards the fact that Plaintiffs have made abundantly clear that they elect monetary damages as their remedy for Paramount's common law fraud. Indeed, Paramount even acknowledged Plaintiffs' election in its reply brief on summary judgment. Paramount's attempt to undermine Plaintiffs' common law remedy on a technicality cannot stand, particularly in light of the liberal standard by which pleadings may be conformed to proof under Fed. R. Civ. P. 15(b).

Similarly, Paramount has expressly declined to propose any instruction as to Plaintiffs' unjust enrichment claim on the basis that it is an equitable claim and remedy. Still, while it is true that juries do not render binding verdicts on equitable claims, it is well-established that a jury may consider an equitable claim and render an advisory opinion thereupon to guide the court in its ultimate decision. *See* Fed. R. Civ. P. 39(c)(1) (a court may, for any issue not triable by a jury, "try *any* issue with an advisory jury"); *see also Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009) ("[I]t will expedite matters for the jury and the Court, as well as make the jury's task easier, if the jury is asked to render a 'verdict' (actually an advisory opinion) on the [equitable claims].").

By its baseless and willful exclusion thereof, Paramount has waived its right to propose instructions with respect to Plaintiffs' common law fraud remedies and unjust enrichment claim and the Court should not entertain any later attempt by Paramount to offer competing instructions to Plaintiffs' proposed instructions related to those points (Nos. 63-66).

### C. Paramount Proposed Erroneous Instructions Concerning The Proper Legal Standards

Third, at least two of the instructions that Paramount has proposed erroneously reflect misleading mischaracterizations of the law. *See Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.

---

[2] Paramount also has failed to include instructions with respect to the "in connection with" and "interstate commerce" elements of Plaintiffs' 10b-5 claim, which Plaintiffs take to be a concession that those elements are satisfied and that Plaintiffs' proposed instructions with respect thereto (Nos. 41, 47) are unnecessary to submit for jury deliberation.

**PRYOR CASHMAN LLP**

The Honorable Thomas P. Griesa
October 14, 2014
Page 4

1994) ("A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law."). Paramount's proposed instruction Number 22 states that Paramount can only be liable for an indirect misrepresentation "if the statement was directly attributed to Paramount *and* Paramount had ultimate authority or control over the it." However, as Paramount well knows, the Supreme Court's *Janus* decision, which sets the standard for who is the "maker" of a fraudulent statement, requires *only* that a party either have "ultimate authority" over the statement or that the statement be attributed to the party. *See Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011) ("For purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."). Attribution is merely "evidence that a statement was made by—and only by—the party to whom it is attributed." *Id.*

Likewise, Paramount's proposed instruction Number 26 states that Plaintiffs must demonstrate that they "purchased Melrose Securities based on" a misrepresentation. However, the standard for actual reliance, or transaction causation, requires only that the misrepresentations were a "substantial factor" in Plaintiffs' decision to invest. *Horst v. W. T. Cabe & Co.*, No. 76 Civ. 1782, 1977 U.S. Dist. LEXIS 13178, at *13-14 (S.D.N.Y. Nov. 1, 1977); *see also AUSA Life Ins. Co. v. Ernst & Young*, 206 F.3d 202, 209 (2d Cir. 2000); *McMahan & Co. v. Wherehouse Entm't, Inc.*, 859 F. Supp. 743, 753 (S.D.N.Y. 1994) (even where misrepresented element of the deal was only "one of the inducements" and only "of some value" in deciding to purchase the securities, evidence was sufficient for jury to infer that transaction causation existed).

Thus, Paramount has improperly instructed the jury on at least two other points of law and the Court should opt to submit Plaintiffs' proposed instructions on those points (Nos. 40, 44) to the jury prior to deliberation.

In addition to the foregoing objections, Plaintiffs reserve the right to object to any other of Paramount's Proposed Instructions, current and/or revised.

Respectfully submitted,

James A. Janowitz

cc: Leslie G. Fagen
    Allan J. Arffa
    Richard B. Kendall
    Phil M. Kelly
    Patrick J. Somers
    William L. Charron
    (all via email attachment)