PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON  (1946 1991)
RANDOLPH E PAUL  (1946-1956)
SIMON H RIFKIND  (1950-1995)
LOUIS S WEISS   (1927-1950)
JOHN F WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3203

WRITER'S DIRECT FACSIMILE

212-492-0203

WRITER'S DIRECT E-MAIL ADDRESS

aarffa@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86 10) 5828 6300

12TH FLOOR  HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011  JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE  SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899 0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
LORETTA A IPPOLITO
JAREN JANGHORBANI
MEREDITH J KANE
ROBERTA A KAPLAN

BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL A LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

October 20, 2014

**By E-mail and ECF**

The Honorable Katherine B. Forrest
Daniel Patrick Moynihan United
    States Courthouse
500 Pearl Street
New York, NY  10007-1312

        *Allianz Risk Transfer AG, et al.* v. *Paramount Pictures Corporation*,
        No. 08-CV-10420 (KBF)

Dear Judge Forrest:

        This firm, together with Kendall, Brill and Kleiger LLP, represents the defendant, Paramount Pictures Corporation ("Paramount") in this action. We write in response to plaintiffs' oral motion of this morning for leave to file a jury demand. As we stated on that call, we believe there is no basis for permitting plaintiffs to file such a demand; indeed, such a demand is expressly prohibited under the relevant transaction documents.

        *First*, the Subscription Agreement pursuant to which plaintiffs acquired the Melrose LLC securities at issue in this case provides that investors like plaintiffs "EXPRESSLY WAIVE[] ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS SUBSCRIPTION AGREEMENT OR THE SECURITIES AND AGREE[] THAT ANY

PAUL, WEISS, RIFKIND, WHARTON & GARRISON

The Honorable Katherine B. Forrest                                                                                           2

**SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT A JURY TRIAL."** *E.g.*, Ex A hereto at 16 (emphasis original).

Thus, whether timely or not—and, made literally on the eve of trial, plaintiffs' oral motion for a jury demand is entirely out of time—the Subscription Agreement should compel the denial of the motion for a jury demand. Given the broad nature of the waiver—i.e., plaintiffs' waiver of "*any* right" in "*any* action" to enforce "*any* rights" with respect to the securities at issue—there can be no serious dispute that the waiver clause applies to plaintiffs' suit against Paramount. *E.g.*, *Arrowgrass Master Fund Ltd.* v. *Bank of N.Y. Mellon*, 965 N.Y.S.2d 473, 474-75 (App. Div. 1st Dep't 2013) (holding that a broad release in a settlement agreement barred plaintiffs' claims against a non-party to that agreement). As the First Department in *Arrowgrass* explained: "If plaintiffs had wished to limit their waiver of their challenge to that agreement, it would have been a simple matter to include language to that effect." *Id.* at 474 (internal quotation marks and citation omitted). So, too, here.

Indeed, plaintiffs have never contested that their conduct is governed by the terms of the Subscription Agreement. For instance, on Paramount's motion for summary judgment, Paramount argued that the release language contained within the Subscription Agreement, which expressly released Paramount from any and all purported claims that the films at issue would be distributed in any particular matter, bars these claims. [ECF No. 86, at 24-26]. Whatever plaintiffs' rejoinders to that argument (including that their claims do not concern "distribution," when the very first page of their summary judgment opposition brief described the case as concerning "distribution"), plaintiffs *never* argued that they were not bound by the Subscription Agreement. [ECF No. 95, at 44-45]. They should not be heard to do so now.

*Second*, the record is clear that plaintiffs have waived their right to trial by jury because they have not "properly served and filed" a jury demand. Fed. R. Civ. P. 38(d). In response to the Court's invitation, Plaintiffs have identified no such demand, because they never served one. Plaintiffs have served four complaints in this case. [ECF Nos. 1, 6, 27, 65.] Not one of them contains a request for a jury trial. Nor, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, did plaintiffs serve Paramount with a written demand for a jury trial within 14 days of service of the last pleading directed to the issue. Here, the final such pleading was Paramount's first answer, its Answer to the Second Amended Complaint [ECF No. 42], which was served on May 20, 2011. No jury trial demand followed. Subsequent amendment to the complaint, following Paramount's answer, in no way revived plaintiffs' waived jury trial rights. *Tuff-N-Rumble Mgmt., Inc.* v. *Sugarhill Music Publ'g, Inc.*, 75 F. Supp. 2d 242, 245 (S.D.N.Y.1999).

*Third*, given this failure to file a demand, plaintiffs' oral motion for a trial by jury, made earlier today pursuant to Rule 39(b), should be denied even apart from the contractual waiver contained in the Subscription Agreement. Plaintiffs have given no good cause for their belated assertion of their jury trial rights other than their own inadvertence, yet the Second Circuit has been clear that "'inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b).'" *Westchester*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine B. Forrest                                                                 3

*Day School* v. *Village of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (quoting *Noonan* v. *Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1970) (Friendly, J.)). Indeed, "[g]ranting an untimely jury demand based on the mere inadvertence of counsel is reversible error." *United States* v. *Country Club Garden Owners Ass'n*, 159 F.R.D. 400 (E.D.N.Y. 1995) (citing *Cascone* v. *Ortho Pharmaceutical Corp.*, 702 F.3d 389, 392 (2d Cir. 1983)).

The *Noonan* rule is applied with particular force where a case, like this one, is filed in the first instance in federal court. *New Generation Produce Corp.* v. *New York Supermarket, Inc.*, 2014 WL 1271156 at *2 (E.D.N.Y. March 26, 2014). In light of the "restrictive" approach to Rule 39(b) adopted by the Second Circuit, *Evvtex Co.* v. *Hartley Cooper Assocs., Ltd.* 1995 WL 322156 at *1 (S.D.N.Y. May 26, 1995), it is of no consequence that Paramount submitted proposed jury instructions on certain issues. Under the Circuit's case law, that is simply irrelevant to the "rigid rule" adopted in *Noonan* for cases filed in federal court. *Alvarado* v. *Santana-Lopez*, 101 F.R.D. 367, 368 (S.D.N.Y. 1984).

*Fourth*, if, notwithstanding plaintiffs' waiver, the Court determines to seat a jury, that jury should be instructed only on plaintiffs' federal securities claim asserted under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. With respect to the two common-law claims in this case: the unjust enrichment claim is an equitable one for which no jury determination is appropriate. *See* Paramount's Proposed Jury Instructions [ECF 116, at ii-iii (citing *Ebin* v. *Kangadis Food Inc.*, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013) ("Unjust enrichment is an 'equitable remedy' . . . ."); N.Y. Pattern Jury Instr. Comment to Civil 4:2 ("It should never be left for the jury to decide whether equitable considerations warrant a finding of unjust enrichment.").]

With respect to plaintiffs' second common-law claim, for fraud, the only remedy plaintiffs plead in their complaint is rescission. [ECF No. 65, at 33.] As Paramount argued in its motion for summary judgment (an argument unfortunately never discussed by Judge Griesa), because plaintiffs manifestly can obtain a remedy at law—indeed, they have propounded a damages expert who quantifies their alleged damages—rescission is inappropriate here. [ECF No. 86, at 43.] Plaintiffs, despite ample opportunity to do so, have never remedied this defect in their pleading. While this should compel summary judgment for Paramount on the common-law claim, at a minimum, the claim should be tried to the Court, and not a jury. *See* Paramount's Proposed Jury Instructions [ECF 116, at iii (citing *Rosewood Apartments Corp.* v. *Perpignano*, 200 F. Supp. 2d 269, 272 (S.D.N.Y. 2002) ("In order to obtain rescission, an equitable remedy, the party seeking it must show that it has no adequate remedy at law."); *Resnick* v. *Resnick*, 763 F. Supp. 760, 768 (S.D.N.Y. 1991) (calling rescission a "purely equitable" remedy "for which there is no right to a trial by jury").]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine B. Forrest                                              4

In short, plaintiffs' belated request for a jury trial should be denied.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Allan J. Arffa

cc:   All counsel of record (by e-mail)