UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

ALLIANZ RISK TRANSFER AG,             :
MARATHON STRUCTURED FINANCE           :
FUND, LP, NEWSTAR FINANCIAL,          :
INC., and MUNICH RE CAPITAL           :
MARKETS NEW YORK, INC.,               :
                                      :
                    Plaintiffs,       :
                                      :
          -v-                         :
                                      :
PARAMOUNT PICTURES                    :
CORPORATION,                          :
                                      :
                    Defendant.        :

---------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 21 2014

08-cv-10420 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

This matter was transferred to the undersigned yesterday. Trial begins today. Pending before the Court are seven separate motions in limine:

   A.   Plaintiffs' Motion No. 1 (ECF No. 118): to preclude all argument and evidence concerning non-parties' legal inaction relating to the transaction in which plaintiffs invested;

   B.   Plaintiffs' Motion No. 2 (ECF No. 121): to preclude the report and testimony of Lawrence Ulman ("Ulman");

   C.   Defendant's Motion No. 1 (ECF No. 124): to preclude the expert testimony and report of Rick Sands ("Sands") under Daubert;

D.     Defendant's Motion No. 2 (ECF No. 126): to preclude all evidence, testimony, and argument concerning certain supplemental and/or additional reports from plaintiffs' damages expert, Philip Fier ("Fier");

E.     Defendant's Motion No. 3 (ECF No. 132): to preclude all evidence, testimony, and argument concerning a settled California state court action (the "California Action");

F.     Defendant's Motion No. 4 (ECF No. 128): to preclude evidence of alleged oral misstatements not alleged in the Third Amended Complaint ("TAC"); and

G.     Defendant's Motion No. 5 (ECF No. 130): to preclude argument regarding the absence of certain Paramount witnesses.

I.    LEGAL STANDARD

The purpose of a motion in limine is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). The trial court should only exclude the evidence in question "when [it] is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citations omitted).

The Federal Rules of Evidence govern the admissibility of evidence at trial. Under Rule 402, evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence.

2

Fed. R. Evid. 401. In addition to relevancy, admissibility turns on the probative value and prejudice of the evidence in question. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Second Circuit has instructed that the "[d]istrict courts have broad discretion to balance probative value against possible prejudice" under Rule 403. United States v. Bermudez, 529 F.3d 158, 161 (2d Cir. 2008) (citing United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004)).

Motions in limine are necessarily pretrial motions. As a result, this Court does not have the benefit of evidence that may come in and connections that may be made at trial. A lot can happen during a trial. It is possible that as the trial record develops, it would be in the interests of justice to revisit prior rulings. Accordingly, should the record develop in manner not currently anticipated, or other matters make it clear that the basis for this Court's ruling has been undermined, a party may renew a motion.

II.     DISCUSSION[1]

A.     Plaintiffs' Motion No. 1

Plaintiffs' motion to preclude any evidence or argument as to the alleged legal inaction of non-party investors is GRANTED. Whether or not third parties chose to

---

[1] The motions in limine in this case were briefed on the basis that the matter would be tried before a jury. No timely jury demand had, in fact, been made, and plaintiffs contractually waived their right to a jury in a Subscription Agreement. Accordingly, this matter will proceed before the bench. That fact renders some of what is covered in the in limine motions irrelevant, and eliminates the immediate time pressure as to other motions (because, in effect, the Court can admit the evidence and sort through it as the case proceeds, based on a fuller record).

3

bring claims is irrelevant to the determination of the elements of plaintiffs' causes of action. Parties decide to pursue or forego claims for any number of reasons, including many which have nothing to do with the merits of a claim. There is no evidence in the record as to why any particular non-party investor chose to sue or forego suit. Thus, testimony or other evidence suggesting that the absence of other suits means anything in particular invites the finder of fact to engage in speculation. As such, it is inappropriate and will not be allowed. In addition, even if the evidence were somehow factually (versus conjecturally) probative, the Court nonetheless would exclude it under Rule 403. Any probative value of that evidence is substantially outweighed by the dangers of confusing the issues and misleading the finder of fact as to the reasonable use to which such evidence could be put. See Fed. R. Evid. 403.

B.     Plaintiffs' Motion No. 2

Plaintiffs' motion to preclude Ulman's report and testimony is DENIED. During yesterday's conference call, plaintiffs conceded that Ulman has the qualifications to testify regarding various structured finance deals in this industry. Testimony regarding structured finance, and in particular how deals are typically structured, would be of assistance to the finder of fact. The Court understands that plaintiffs may have cross-examination for Ulman—indeed, cross-examination that plaintiffs believe may undermine his testimony entirely. However, the weight the finder of fact will give to Ulman's testimony is a question for another day, after he has been thoroughly examined.

4

C.    Defendant's Motion No. 1

Defendant's Daubert motion to preclude the expert testimony and report of Sands is DENIED with explicit leave to renew before the conclusion of the trial. To be clear, if the Court had more time to study the parties' respective positions, the Court might be better positioned to decide this motion in defendant's favor. However, the Court does not have the luxury of such time—and Sands is plaintiffs' first witness. The Court therefore will allow him to testify—and perhaps will better understand the purpose of his testimony as the case proceeds. The Court will, however, outline its concerns.

The Court is concerned that Sands' methodology does not pass the standards set forth in Daubert—that it cannot be tested, or, if it could be, that it has been applied in such a manner and with such generality that it is unreliable. The Court is also concerned that the testimony may be irrelevant to liability. Causation will turn on whether there were misstatements or omissions, and, if so, whether they are causally related plaintiffs' loss—not on whether defendant could have pre-sold the films in the Melrose Slate had it chosen to do so. Put differently, the Court does not understand defendant to be arguing that it could not engage in foreign pre-sales because it had no buyers. The Court also notes that there is a question as to how the characteristics of an overall slate of films affect pricing and purchasing decisions. The Court did not see this in Sands' report.

While the Court has the concerns outlined above, in light of the timing and the fact that this is now a bench trial, the Court will allow Sands to testify.

5

D.    Defendant's Motion No. 2

Defendant's motion to preclude supplemental and/or additional reports from Fier is GRANTED in part and DENIED in part—subject to absolute clarity on (1) which reports meet materials first introduced by defendant and (2) which reports defendant was able to test through deposition. Reports satisfying both of these criteria will be allowed. On the other hand, what the Court understands to be the September 2014 additions, which altered methodology and used certain information from the California Action, will not be allowed. Those additions are untimely and defendant has not had a fair opportunity to meet them.

E.    Defendant's Motion No. 3

Defendant's motion to preclude all evidence, testimony, and argument concerning the California Action is GRANTED. A settled action from California state court has no probative value in this case. The allegations made in the California Action are not evidence. No facts were proven by the mere filing of the action. Reference to this action would unnecessarily divert the fact finder's attention away from this lawsuit, the merits of which are all that should concern it. The Court therefore precludes any use of the California Action, including any use within an expert's analysis, as irrelevant. Moreover, if the California Action were relevant, the Court would preclude all reference to it under Rule 403: any probative value (which is remote, and necessarily implicates a trial within a trial) is substantially outweighed by the possibility of wasting time and confusing the issues. See Fed. R. Evid. 403.

F.     Defendant's Motion No. 4

Defendant's motion to preclude evidence of alleged oral misrepresentations not pleaded in the TAC is GRANTED with leave to renew at the appropriate time. The parties' submissions on this motion appear to indicate that the oral statements as to which plaintiffs seek to provide testimony are known to defendant—and therefore present no surprise. (If this is not true, then that is reason alone to preclude them.) However, the statements recited in the papers all appear to be inadmissible hearsay by Merrill Lynch, a non-party to this action. It is possible—though the motion was not argued in this manner—that Merrill Lynch was acting as defendant's agent at the time the alleged statements were made, but such a foundation would need to be laid. In the absence of such a foundation, they are out-of-court statements offered for their truth—plainly inadmissible hearsay. In addition, the Court's review of the TAC and the record in this matter, including the motion for summary judgment, indicates that this case has been concerned with alleged written misstatements in the PPM and omissions of fact in the PPM known at the time of the securities sale, not with other oral statements.

The Court therefore precludes evidence of alleged oral misrepresentations not pleaded in the TAC, but will allow plaintiffs to proffer a proper foundation and a non-hearsay purpose should they believe the Court's analysis is incorrect.

G.     Defendant's Motion No. 5

As this is no longer a jury trial, the motion relating to argument regarding the absence of certain Paramount witnesses is DENIED as moot. The Court understands that there are all sorts of reasons why witnesses will agree (or be

7

asked) to appear live or not.  The Court is concerned with the substance of the testimony, not with where it is given.

III.   CONCLUSION

    A.    Plaintiffs' Motion No. 1 is GRANTED.

    B.    Plaintiffs' Motion No. 2 is DENIED.

    C.    Defendant's Motion No. 1 is DENIED with explicit leave to renew before the conclusion of the trial.

    D.    Defendant's Motion No. 2 is GRANTED in part and DENIED in part.

    E.    Defendant's Motion No. 3 is GRANTED.

    F.    Defendant's Motion No. 4 is GRANTED with leave to renew at the appropriate time.

    G.    Defendant's Motion No. 5 is DENIED as moot.

The Clerk of Court is directed to terminate the in limine motions at ECF Nos. 118, 121, 124, 126, 128, 130, and 132.  The Clerk of Court is also directed to terminate the motion at ECF No. 147 as moot.

    SO ORDERED.

Dated:    New York, New York
          October 21, 2014

                                      KATHERINE B. FORREST
                                      United States District Judge