

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806     www.pryorcashman.com

**William L. Charron**
Partner

Direct Tel: (212) 326-0156
Direct Fax: (212) 798-6927
wcharron@pryorcashman.com

October 29, 2014

**BY HAND DELIVERY**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York  10007-1312

    Re:    *Allianz Risk Transfer AG, et al. v. Paramount Pictures Corp.*,
              No. 1:08-CV-10420 (KBF)

Dear Judge Forrest:

       We represent the Plaintiffs in the above-referenced action.  At the conclusion of yesterday's (October 28, 2014) trial proceedings, the Court asked the parties to research the question of whether testimony by Plaintiffs' representatives as to communications by placement agent Merrill Lynch to them, stating that defendant Paramount had made certain statements about Paramount's anticipated risk-mitigation policy for the Melrose Slate to Merrill, constitute inadmissible hearsay.  As briefly explained below, they do not.

       "Hearsay" is "a statement that … a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c)(2).  Initially, statements by Paramount to Merrill are not being offered by Plaintiffs to prove the truth of the matter asserted in those statements.  Rather, Plaintiffs assert that Paramount's statements to Merrill representing a continuation of Paramount's historical risk-mitigation strategy and practices were *untrue*.  Thus, by definition that statements are not hearsay, as they are being offered on for the fact of their existence.  Accordingly, there is no "hearsay within hearsay" issue.  Fed. R. Evid. 805.

       Plaintiffs do offer for the truth evidence that Merrill told Plaintiffs that Merrill had communicated with Paramount about Paramount's risk-mitigation strategy.  Nevertheless, these statements, which are being offered against Paramount (*i.e.*, an opposing party), are not "hearsay" under Fed. R. Evid. 801(d)(2)(C) and/or (D).  Those rules provide that "[a] statement that meets the following conditions is not hearsay: … (2) [t]he statement is offered against an opposing party and: … (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship while it existed; …."



Hon. Katherine B. Forrest
October 29, 2014
Page 2

There is no dispute that Merrill was Paramount's agent in connection with the Melrose transaction, and that Paramount specifically authorized Merrill to inform Plaintiffs about its communications with Merrill on the subject of risk-mitigation. Paramount admitted during its opening statement that it intended and expected its information provided to Merrill would be shared with potential Melrose investors (including Plaintiffs) as part of Merrill's duties within the scope of their relationship. (10/21/14 Tr. at 108:19-23.) Paramount has stuck to that position through the trial. Accordingly, Merrill's statements to Plaintiffs are not hearsay.

Even assuming, *arguendo*, that Merrill's statements to Plaintiffs were hearsay, the "residual exception" under Fed. R. Evid. 807 would apply. That rule provides that "a hearsay statement is not excluded by the rule against hearsay" if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."

All elements are met here. First, there is no serious question as to the reliability of Merrill's statements to Plaintiffs. Certain of the underlying statements from Paramount are in written form, such as Tom McGrath's March 18, 2004 e-mail to Peter Hoffman stating: "I [Mr. McGrath] do not think it would be fair to conclude from that [March 18, 2014 *Wall Street Journal*] story or otherwise that there is any fundamental shift in Paramount's production strategy as it relates to risk management and deal making." (Pl. Ex. 331.) All of the statements were made during the course of Merrill's official duties for Paramount and they are reliable for the same reason that Rule 801(d)(2) deems such statements to be non-hearsay.

Second, Plaintiffs offer this evidence as a material fact. Third, the statements are more probative on the point of what Paramount (mis)represented to Merrill than any other evidence – indeed, there is no other way to elicit such evidence where Mr. Hoffman testified that he recalls no specific conversations he had with any of the Plaintiffs. And fourth, the interests of justice are best served by admitting the evidence.

Finally, New York law specifically treats these kinds of statements as actionable for common law fraud. *E.g.*, *Koch v. Greenberg*, No. 07 Civ. 9600 (JPO), 2014 U.S. Dist. LEXIS 44581, at *14-15 (S.D.N.Y. Mar. 31, 2014) (Oetken, J.) (finding that statements made by defendant to third-party Zachy's about authenticity of wine were actionable where the plaintiff – a sophisticated wine purchaser – relied on Zachy's recounting of such statements and was deceived into purchasing fake wine as a result, and explaining: "[U]nder New York law, … so long as plaintiff is among the 'class of persons' intended to rely on the statement, … it is unnecessary that such 'representations should be made to the plaintiff directly.'") (citations omitted).



Hon. Katherine B. Forrest
October 29, 2014
Page 3

      Again, it is not disputed by Paramount that Plaintiffs were among the class of persons that Paramount intended and expected would be forwarded the information that Paramount was communicating to Merrill about the Melrose deal, including about Paramount's risk-mitigation strategy. Where New York law specifically recognizes the actionability of these kinds of statements, they should not be found to be inadmissible hearsay.

                                          Respectfully,

                                          */s/ William L. Charron*

                                          William L. Charron

cc:      All Counsel